**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1999
_____

NICOLAS CHOCOJ-QUINO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A200-764-844)
Immigration Judge: Annie S. Garcy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(January 27, 2022)

Before: HARDIMAN, SHWARTZ, and SMITH, *Circuit Judges*.

(Filed: January 31, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Nicolas Chocoj-Quino petitions for review of a decision by the Board of Immigration Appeals dismissing his appeal. We will deny the petition.

I[1]

A native and citizen of Guatemala, Chocoj-Quino entered the United States at an unknown place and time, though he claims he entered in September 1995. In October 2010, the Department of Homeland Security served Chocoj-Quino with a Notice to Appear (NTA), charging him with removability as "an alien present in the United States who has not been admitted or paroled." A.R. 314; *see* 8 U.S.C. § 1182(a)(6)(A)(i) (making aliens who are not admitted or paroled inadmissible); 8 U.S.C. § 1227(a)(1)(A) (making aliens who were inadmissible at entry deportable). The NTA directed Chocoj-Quino to appear for his initial hearing in immigration court at a date and time "to be set." A.R. 314.[2]

In his petition, Chocoj-Quino relies on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), to argue that his removal proceedings should have been terminated because the

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3); we have jurisdiction to review the BIA's decision dismissing the appeal under 8 U.S.C. § 1252(a)(1). *Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006).

[2] Chocoj-Quino received two Notices to Appear. The first notice was served on him while he was in custody on November 9, 2010. He was released that day or the following day and so a second notice was sent to his last known address on November 10, 2010, which required him to appear on March 8, 2011. He does not dispute he received notices of these hearings and that he did not appear at either.

2

NTA did not include the time and date to appear, in violation of 8 U.S.C. § 1229(a).[3] Our recent decision in *Chavez-Chilel v. Attorney General* forecloses his argument. 20 F.4th 138, ---, 2021 WL 5830338 (3d Cir. 2021).

First, "while § 1229(a) sets forth the type of notice that must be given to a noncitizen and requires an NTA to include a date and time to appear, the absence of that information does not impact the IJ's authority to act." *Id.* at *2 (citing *Nkomo v. Att'y Gen.*, 930 F.3d 129, 133 (3d Cir. 2019)). Second, "even if [the Petitioner]'s NTA did not comport with the 'letter' of § 1229, that statute is akin to a claims-processing rule . . . 'seek[ing] to promote the orderly progress of litigation.'" *Id.* at *2 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). Because "there can be equitable reasons to excuse noncompliance . . . there is no automatic requirement that a violation of a claims-processing rule results in the termination of a proceeding." *Id.* at *2. As in *Chavez-Chilel*, "the violation of § 1229 did not require the IJ to terminate the proceedings" in this case. *Id.* at *3.

---

[3] In his petition, Chocoj-Quino argues that the requirements of 8 U.S.C. § 1229(a) are claim-processing rules. The Government contends this claim was unexhausted because Chocoj-Quino argued to the agency that § 1229(a)'s requirements are jurisdictional. We disagree with the Government's contention. Our "liberal" exhaustion policy does not require "an alien [to] do much to alert the [BIA] that he is raising an issue," *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006); indeed, a petitioner who references the issue in either his notice of appeal or briefing "satisfies the statutory requirement of exhaustion," *Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir. 2009). Because Chocoj-Quino consistently relied on *Pereira* to argue that violation of § 1229(a) required termination of his removal proceedings, he exhausted this claim and we have jurisdiction to review it. *See Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005).

II

Chocoj-Quino also claims the BIA violated the Constitution by refusing to follow Supreme Court precedent. Because his NTA was defective under *Pereira* and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), Chocoj-Quino argues that failure to reopen his removal proceedings and terminate them for lack of jurisdiction deprived him of due process under the Fifth Amendment.[4] We disagree for two reasons.

First, an IJ retains jurisdiction over removal proceedings even when an NTA fails to comply with *Pereira*. *See Chavez-Chilel*, 20 F.4th at ---, 2021 WL 5830338, at *3; *Nkomo*, 930 F.3d at 132–34. Second, while there is no dispute that Chocoj-Quino's NTA lacked a date and time, "it is highly probable that the error did not affect the outcome of the case." *Guadalupe v. Att'y Gen.*, 951 F.3d 161, 167 (3d Cir. 2020) (quoting *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011)). "The purpose of an NTA is to notify a noncitizen that [he] is removable and provide the basis for that allegation." *Chavez-Chilel*, 20 F.4th at ---, 2021 WL 5830338, at *3. The NTA's lack of a hearing date and time did not impede Chocoj-Quino's ability to contest the charges against him. So his constitutional claim fails.

\* \* \*

For the reasons stated, we will deny the petition for review.

---

[4] Because *Niz-Chavez* was issued after the BIA's decision in this case, the BIA could not have refused to follow it, as Chocoj-Quino claims.